IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60723
Conference Calendar
_____


DOUGLAS TAYLOR,

                                        Plaintiff-Appellant,

versus

THE POLICE DEPARTMENT OF THE CITY
OF MERIDIAN, MISSISSIPPI, ET AL.,

                                        Defendants,

RICKY ROBERTS, K-9 Officer;
BETTY EVANS; M.J. HOADLEY;
RICKY NICHOLSON,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:97-CV-12-LN
- - - - - - - - - -

April 15, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Douglas Taylor appeals the denial of a complaint filed
pursuant to 42 U.S.C. § 1983.  Taylor alleged that police
officers employed by the City of Meridian, Mississippi, used
excessive force when arresting him, that serious injuries
resulted requiring immediate medical attention, but that the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

detaining officials displayed deliberate indifference to his serious medical needs.

On appeal Taylor argues that the district court erred when it determined that Taylor did not sustain a serious injury. He also argues that the court erred when it determined that the defendants did not treat Taylor with deliberate indifference. Essentially Taylor is challenging the district court's weighing of evidence and its factual findings.

Taylor fails to identify any factual findings that are clearly erroneous. *See* Fed. R. Civ. P. 52(a); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)(explaining that if the factfinder's account of the evidence is plausible, an appellate court may not reverse it); *Dardar v. La Fourche Realty Co., Inc.*, 985 F.2d 824, 827 (5th Cir. 1993)(holding that an appellate court is no position to weigh conflicting evidence). Consequently, the district court's denial of Taylor's complaint is AFFIRMED.

AFFIRMED.